Tomlinson Brothers *v*. Hodges.

Opinion delivered December 22, 1913.

1. Actions—practice as to transfer to equity.—Where a complaint brought in the circuit court states a good cause of action in equity,

it is error to dismiss the complaint, instead of transferring the cause to the chancery court. (Page 531.)

2.  INITIATIVE AND REFERENDUM—MUNICIPAL CORPORATIONS—DIRECT LEGISLATION.—The Legislature may provide for direct legislation in cities and towns through the initiative or referendum. (Page 532.)

3.  MUNICIPAL CORPORATIONS—ORDINANCE—REFERENDUM.—Acts of 1911, page 582, providing for carrying into effect the initiative and referendum powers, reserved to the people in constitutional amendment No. 10, was intended only to carry out and put in effect the constitutional amendment and did not confer on the people of a municipal corporation referendum power over an ordinance passed by the city council, which granted to appellants the franchise to furnish light to the city. (Page 532.)

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; reversed.

*J. I. Alley,* for appellant.

The circuit court had jurisdiction under section 9 of the enabling act of 1911, but if not, the court should have transferred the cause to the chancery court. The enabling act had no other purpose than to give effect to Amendment No. 10. There is no authority whatever for the reference of any local measure for any county or municipality to the people. 105 Ark. 583. This case seems conclusive. Const., art. 4, § § 1, 2; Kirby's Dig., § 5443, as amended by Acts 1909, Act 230; art. 2, § 17, Const.; art. 1, § 10, Const. U. S.

*W. M. Pipkin,* for appellee.

1. The court was without jurisdiction. Enabling act, § 9; 74 Ark. 421.

2. The complaint stated no cause of action. 1 Ark. 513; Acts 1913, No. 135; Act No. 2, extra session 1911.

3. It is conceded that legislative power is vested in the Legislature, but it can delegate the power to determine some fact or state of things upon which the law makes or intends to make its action depend. A reference to the people does not constitute a delegation to *make* laws. 35 Ark. 69; 72 Ark. 195; 67 Minn. 384; 25 W. Va. 427.

*Carmichael, Brooks, Powers & Rector, amici curiae.*

1. In the absence of constitutional authority, the General Assembly is powerless to confer power upon the electors of a municipality to invoke the referendum upon a municipal ordinance. 35 Ark. 71; 104 *Id.* 583; 4 Seld. (N. Y.) 483; 2 Iowa, 163; 3 R. I. 33; 3 Mich. 343.

2. If it had the power, it never intended to grant it to municipalities. 34 Ark. 603; 43 *Id.* 82; 153 U. S. 289; 203 *Id.* 507; 1 Dillon on Mun. Corp., § § 39, 109; 47 Ark. 283; 28 Mich. 228; 56 Ark. 153; 4 Wheat. 694; 9 Cr. 292; 47 N. J. L. 93.

McCULLOCH, C. J. The question arising on this appeal is whether, prior to the 6th day of March, 1913, the date of approval of the act of the Legislature authorizing the initiation or referendum of municipal ordinances to vote of the people, there was any authority for such referendum in this State.

On February 27, 1913, the council of the city of Mena, Arkansas, passed an ordinance granting to appellants, Tomlinson, Bros., a franchise to furnish electric lights in the city upon the terms therein named. The terms of the ordinance were accepted by appellants and became effective unless it be held that the operation of the ordinance was suspended by an effort on the part of certain citizens to have a referendum thereof to the vote of the people. A petition, signed by more than 5 per cent. of the legal voters of the city, was, within ninety days after the passage of said ordinance, filed with appellee as Secretary of State, asking that the ordinance be referred to the vote of the people at the next election.

Appellants instituted this action in the circuit court of Pulaski County to restrain the Secretary of State from certifying out the ordinance for vote of the people. The circuit court sustained a demurrer to the complaint and rendered final judgment against appellants, dismissing the complaint, and an appeal has been prosecuted to this court.

The proceeding is a novel one, and the question, whether appellants can maintain an action against the

Secretary of State, is one not free from doubt; but we have reached the conclusion that appellant's right to exercise the franchise according to the terms of the ordinance is clouded and left in doubt by the pendency of the referendum proceedings, and, therefore, the appellants should be granted relief if the referendum is not authorized by law.

The action should have been instituted in the chancery court, but if a cause of action is stated in the complaint the circuit court should not have dismissed the complaint but should have transferred it to equity for proceedings there in accordance with the principles of equity. *Newman* v. *Mountain Park Land Co.,* 85 Ark. 208.

The General Assembly, at the special session of 1911, enacted a statute commonly known as the enabling act, to carry into effect the provisions of Amendment No. 10 to the Constitution. The title of the act reads:

"An Act to provide for carrying into effect the initiative and referendum powers reserved by the people in Amendment No. 10 to the Constitution of the State of Arkansas on general county and municipal legislation, to regulate elections thereunder and to punish violations of this act." Act No. 2, Acts 1911, page 582.

That act provides for a method of initiating and referring municipal ordinances to direct vote of the people.

In the case of *Hodges* v. *Dawdy,* 104 Ark. 583, we held that Amendment No. 10 of the Constitution did not confer power upon the voters of a municipality or county to initiate or to require the reference of legislation to direct vote of the people.

We referred to the enabling act in that opinion but found it unnecessary to decide whether such power had been conferred by that statute, or whether the Legislature could confer such power in the absence of express constitutional authority. Those questions are presented for the first time now for our decision.

It is earnestly insisted by counsel for appellant, and also by counsel who file brief as *amici curiae,* that it is

beyond the power of the Legislature, in the absence of express authority conferred by the Constitution, to provide for the passage of municipal ordinances by direct vote of the people through the agency of the so-called initiative and referendum. In other words, it is contended that that is the exercise of legislative authority which it is beyond the power of the General Assembly to delegate.

We are of the opinion that this contention is not well founded, for the reason that there is nothing in the Constitution of this State which prohibits the Legislature from delegating to municipal corporations the authority to enact ordinances for the purposes of local government. On the contrary, the Constitution, in express terms, recognizes the existence of that power, but provides that "no municipal corporation shall be authorized to pass any laws contrary to the general laws of the State." Constitution of 1874, art. 12, § 4.

Since it is seen that the General Assembly possesses the power to delegate legislative authority to that extent, there is no reason why it can not be as well delegated to the people of a municipality as to any particular governing body. The whole subject is entirely within the control of the Legislature, and it not only has the power to grant authority to pass local laws, but also to prescribe the method and the agency through or by whom the same may be enacted. McQuillin on Municipal Corporations, § 671.

The Supreme Court of the United States, in the case of *Stoutenburgh* v. *Hennick,* 129 U. S. 141, speaking through Mr. Chief Justice Fuller, said:

"It is a cardinal principle of our system of government that local affairs shall be managed by local authorities, and general affairs by the central authority, and hence, while the rule is also fundamental that the power to make laws can not be delegated, the creation of municipalities exercising local self-government has never been held to trench upon that rule. Such legislation is not regarded as a transfer of general legislative power,

but rather as the grant of the authority to prescribe local regulations, according to immemorial practice, subject of course to the interposition of the superior in cases of necessity."

This doctrine is very thoroughly reasoned out in a well considered case by the Supreme Court of California styled In re *Pfahler,* 150 Cal. 71, 2 Am. & Eng. Ann. Cas. 911, and leaves little to be said on the subject. We agree entirely with that court in its decision on that question, and hold that the Legislature may provide for direct legislation in cities and towns through the initiative or referendum. The power is not denied by the Constitution, nor is it incompatible with our form of government, so the General Assembly, as the representative of the sovereign power of the people, may confer such authority.

The remaining question is whether, at the time this matter arose, the Legislature had conferred any such authority. In other words, the question is whether the so-called enabling act was an effort on the part of the Legislature to confer that power, or whether the statute in question was merely what it professes to be, an act to put into force Amendment No. 10 to the Constitution, which had then but recently been adopted by the people.

It is quite clear to us that the Legislature did not intend to originate a new principle or procedure, but merely to carry out what it deemed to be the mandate of the people as expressed in the amendment. It proceeded upon the theory that Amendment No. 10 embraced authority for the initiation and reference of local legislation by counties and municipalities as well as general legislation by the State at large. This court had not at that time construed the amendment and decided whether or not such legislation was authorized. In passing a general enabling act the Legislature assumed that such power was conferred by the amendment and it merely attempted to obey the mandate thereof and provide a mode of carrying it into effect. No particular feature of the act need be referred to, to sustain that view, for the whole act shows plainly upon its face that such was

the intention of the Legislature, and we can not assume that the statute would have embraced provisions conferring such power upon municipalities if it had not been thought that the power was conferred by the amendment to the Constitution. One of the most convincing things that the statute was not intended as originating the power, but was merely carrying out the will of the people as expressed in the amendment, is that the power of the initiative and referendum as to cities and towns and counties is coupled together in a way that shows the Legislature had no purpose of distinguishing them. Now, as there are no governing bodies in counties which possess legislative powers, it is not contended, since the decision of this court in *Hodges* v. *Dawdy, supra,* that any such power could be conferred upon counties by the Legislature, and this makes it apparent that the Legislature, in passing this statute, was merely depending upon the power conferred by Amendment No. 10 without any intention, as before stated, of originating the power independently of that amendment.

Our conclusion, therefore, is that, at the time of the passage of this ordinance, which became a contract between the city of Mena and appellants, there was no power of reference to the people, and that the ordinance became final. Appellants are entitled to the relief they pray for in this case and the judgment is, therefore, reversed and the cause remanded with directions to the circuit court to transfer the case to the chancery court for further proceedings.