## YATES *v.* PHILLIPS.

Opinion delivered December 23, 1929.

*H. L. Ponder,* for appellant.

*Holifield & Upton* and *Arthur Sneed,* for appellee.

HUMPHREYS, J. This is a suit brought by appellants against appellees on the 13th day of July, 1928, in the chancery court of Clay County, Eastern District, contesting the validity of the organization and the assessment of benefits in Light & Power Improvement District No. 1 of the city of Rector, upon the alleged ground that the second petition in the organization thereof limited the cost of the improvement to $40,000, instead of limiting the cost thereof to a percentage of the assessed valuation of the property in said district as shown by the last county assessment, in accordance with the terms of act 395 of the Acts of the Legislature of 1921.

Appellees interposed the defense of the thirty-day statute of limitation to the suit of appellants, as well as other defenses which it is unnecessary to mention.

The cause was submitted to the trial court upon the pleadings and the testimony, resulting in a dismissal of appellant's complaint for the want of equity, from which is this appeal.

710

We think the action is barred by the 30-day statute of limitation, and for that reason have not set out the other defenses interposed by the appellees nor a summary of the testimony reflected by the record. The district was created on the 26th day of March, 1924, by an ordinance of the city of Rector, under authority delegated to it by § 5652 of Crawford & Moses' Digest, and the assessment of benefits was made pursuant to and in accordance with the subsequent sections of the statute pertaining to municipal improvement districts. Property owners in the district are allowed thirty days, under § 5652 of Crawford & Moses' Digest, to review the action of the city council in creating the district, in the chancery court of the county where such city or town lies; and it is provided in § 5668 of Crawford & Moses' Digest that all persons who shall fail to begin legal proceedings within thirty days after the publication of the assessment ordinance for the purpose of correcting or invalidating such assessment of benefits, shall be forever barred and precluded. These short statutes of limitation have been upheld by many decisions of this court. One of the latest cases ruling that property owners must attack the validity of the district and the assessment of benefits within the time fixed by the act creating such a district is *Ferrell* v. *Massie,* 150 Ark. 156, 233 S. W. 1083. This action was not filed until the 13th day of July, 1928, and was barred by the sections of the statute referred to. It is true that the record in this case reflects that one of the appellants, the Arkansas-Missouri Power Company, brought a suit within the thirty-day period after the creation of the district, attacking the validity thereof, and that it took a nonsuit on the 25th day of April, 1925, and instituted the instant suit within a year after its nonsuit was taken. This fact did not prevent the statutory bar from attaching under the thirty-day statute of limitations referred to. Actions of this character do not come within the provisions of § 6969 of Crawford & Moses' Digest, allowing new suits to be brought

within one year after taking or suffering a nonsuit upon the action brought within the statutory period of thirty days. If so, the very purpose of a short statute of limitation fixed in the act would be thwarted by preventing the construction of improvements therein within a reasonable time.

No error appearing, the judgment is affirmed.