CASEY *v.* BURDINE.

4-8714                               217 S. W. 2d 613

Opinion delivered February 21, 1949.

*W. J. Cotton,* for appellant.

*A. B. Arbaugh,* for appellee.

ED. F. McFADDIN, J.  This is a proceeding between rival candidates for a place on the County Board of Education in Newton county.  The school election was held on March 20, 1948, and on the face of the returns Burdine received a majority of the votes.  He was certified as elected, and Casey undertook to contest the election.  The following chronology of dates and events in 1948 presents the factual situation:

I. April 2nd, Casey filed his complaint in the *County Court* to contest Burdine's election.

II. April 21st, Burdine moved that the complaint be dismissed, saying: ". . . that the County Court has no jurisdiction to try contests in school elections; that said contest, . . . should be tried by the County Board of Education."

III. April 30th, the motion to dismiss was granted by the County Court. The record fails to show that Casey moved to transfer the contest to the County Board of Education; or asked for a nonsuit, or saved any exceptions to the order of dismissal.

IV. April 30th, Casey filed his complaint before the *County Board of Education,* seeking to contest Burdine's election.

V. May 12th, Burdine moved that the complaint be dismissed by the County Board of Education, since the election was on March 20th, and the contest was not filed with the County Board of Education until April 30th, whereas Act 406 of 1947 limits the time of filing the contest to 20 days after the election.

VI. May 12th, the County Board of Education sustained the said motion, and dismissed the complaint; and Casey appealed to the Circuit Court.

VII. July 6th, the Circuit Court affirmed the action of the County Board of Education in holding that the contest was filed too late; and to reverse the Circuit Court judgment, Casey has appealed.

It is conceded by all parties that Casey's contest should have been filed originally before the County Board of Education. See *McLeod* v. *Richardson,* 204 Ark. 558, 163 S. W. 2d 166, and *Attwood* v. *Rogers,* 206 Ark. 834, 177 S. W. 2d 723. Likewise, it seems to be conceded that the time for instituting the contest was 20 days after the election, as fixed by Act 406 of 1947. But appellant makes the contentions which we will now list and discuss.

*FIRST:* Appellant contends that he filed the contest within the 20-day period in the County Court, and that the County Court should have transferred the cause to the County Board of Education, so as to prevent the present plea of limitations. In support of this contention, appellant cites § 1243, Pope's Digest, and these cases: *Wood* v. *Stewart*, 81 Ark. 41, 98 S. W. 711; *Crawford County Bank* v. *Bolton*, 87 Ark. 142, 112 S. W. 398; *Lawler* v. *Lawler*, 107 Ark. 70, 153 S. W. 1113; *Tomlinson Bros.* v. *Hodges*, 110 Ark. 528, 162 S. W. 64.

Section 1243, Pope's Digest, comes to us from § 7 of the Civil Code of 1869. As reflected by the sections preceding and following it and in *pari materia,* § 7 relates to the transfer of a cause from the law court to the equity court and *vice versa,* and affords no authority for the transfer of an election contest to the County Board of Education after the contest had been erroneously filed in the County Court. The strict nature of an election contest is discussed in the succeeding portion of this opinion. Furthermore, Casey—by filing a new proceeding before the County Board of Education—accepted as final and correct the County Court order of dismissal, and cannot now be heard to say otherwise.

*SECOND.* Casey urges that the effect of the County Court order of dismissal was the same as though he (Casey) had taken a voluntary nonsuit under § 8947, Pope's Digest; and he claims that under that section he had one year after the County Court order of dismissal in which to file a proceeding before the County Board of Education. To support his contention, Casey cites, *inter alia, Little Rock. Ry.* v. *Manees,* 49 Ark. 248, 4 S. W. 778, 4 Am. St. Rep. 45, which holds that, although an action be brought in a court without jurisdiction, still the pendency of such action will arrest the statute of limitations if a proper action be commenced within one year after the judgment in the first action be vacated.

We hold that the said nonsuit statute and the cases cited relate to actions governed by the general statutes of limitations, and not to proceedings—such as this one —in which the right to contest is limited to a very short

period. In *Yates* v. *Phillips,* 180 Ark. 709, 22 S. W. 2d 559, Yates filed suit to contest the validity of the assessment of benefits of an improvement district. The statute required such suit to be filed within 30 days after the publication of the assessment ordinance. Yates' original suit was filed within that time, but a nonsuit was taken and a new suit filed after the 30-day period. The nonsuit statute (then § 6969, C. & M. Digest, and now § 8947, Pope's Digest) was claimed by Yates as giving him one year from the dismissal of the first suit within which to file the second suit. Mr. Justice HUMPHREY, speaking for this court, said of the second suit:

"We think the action is barred by the 30-day statute of limitations, . . . Actions of this character do not come within the provisions of § 6969 of Crawford & Moses' Digest, allowing new suits to be brought within one year after taking or suffering a nonsuit upon the action brought within the statutory period of thirty days. If so, the very purpose of a short statute of limitations fixed in the act would be thwarted by preventing the construction of improvements therein within a reasonable time."

That holding is apropos here. Our Constitution (Art. XIX, § 24) allows the Legislature power to make special provisions for contesting certain elections. See *Stafford* v. *Cook,* 159 Ark. 438, 252 S. W. 597. The right to contest the election, as here concerned, is purely statutory. *Terry* v. *Harris,* 188 Ark. 60, 64 S. W. 2d 80; *Hays* v. *Harris,* 188 Ark. 354, 65 S. W. 2d 526. The rule is stated in 18 Am. Juris. 361: "Such statutory proceedings are special and summary in their nature. Therefore, as a general rule, a strict observance of the statute is required, so far as regards the steps necessary to give jurisdiction, and the jurisdictional facts must appear on the face of the proceedings."

As in the matter of improvement district assessments discussed in *Yates* v. *Phillips, supra,* so in the case at bar: the nonsuit statute (§ 8947, Pope's Digest) does not apply. Both continuity of administration, as well as the sanctity of the acts of a person holding office and

exercising its powers, require the strict enforcement of a short period for contesting the right to hold the office. Since Casey did not file his present contest before the County Board of Education within the time allowed by law, he lost the right to contest. The Circuit Court was correct in so holding. Affirmed.