Jack ELLIOTTE *v.* Guy JOHNSON

84-308                                    687 S.W.2d 523

Supreme Court of Arkansas
Opinion delivered April 15, 1985
[Rehearing denied May 20, 1985.]

*Paul D. Groce,* for appellant.

*Wallace & Hamner,* by: *Ralph Hamner,* for appellee.

DARRELL HICKMAN, Justice. Our decision in this case is controlled by *Okla Homer Smith Mfg. Co.* v. *Larson & Wear, Inc.,* 278 Ark. 467, 646 S.W.2d 696 (1983), where we interpreted Ark. Stat. Ann. § 37-237 (Supp. 1983), which provides generally that suits based on property damage resulting from design or construction deficiency cannot be brought more than five years after the work is substantially completed.

Admittedly this case was brought eight years after Johnson Plaza Shopping Center was completed. The appellant rented space for a hobby shop in the center in 1973. The center was destroyed by fire in 1982. The appellant sued Guy Johnson, one of the partners in the shopping center who had contracted for the construction of the center and supervised the work. The complaint alleged that Johnson was negligent in installing an inferior quality of electrical wiring and in failing to construct fire walls. Appellant complained that as a result of appellee's negligence, the fire, which started at one end of the center, spread to the appellant's shop at the other end.

The appellant raises two arguments. The first is that this is a tort action rather than a contract action, and the statute of limitations imposed by Ark. Stat. Ann. § 37-237 does not apply. We expressly held in *Okla Homer Smith Mfg. Co.,* v. *Larson & Wear, Inc., supra,* that this statute does apply when the allegation is one of negligence in construction or design. That is precisely the negligence alleged in this case. The other argument is that the statute does not apply to the owner of a building but only to the construction firm. The statute makes no such distinction, providing that "No action in contract . . . shall be brought against any person performing or furnishing the design, planning, supervision or observation of construction. . . ."

Affirmed.