800 S.W.2d 415 (1990)
304 Ark. 32
EAST POINSETT COUNTY SCHOOL DISTRICT NO. 14 OF POINSETT COUNTY, Arkansas, Appellant,
v.
UNION STANDARD INSURANCE CO. and Percymart, Inc. d/b/a Perciful Roofing Company, Appellees.
No. 90-203.
Supreme Court of Arkansas.
December 3, 1990.
*416 Jim Dunlap, Marked Tree, for appellant.
Glenn Lovett, Joe C. Boone, Jonesboro, for appellees.
GLAZE, Justice.
This is an appeal from the trial court's dismissal of the appellant's cause of action against the appellees for breach of an oral contract. This litigation resulted from storm damage to appellant's gymnasium roof. At the time of the damage, appellant was insured by appellee Union Standard Insurance Company (Union). The appellant alleges that Union made an oral contract with appellee PercyMart, Inc. to repair the roof.
PercyMart completed its repairs around May 30, 1984, but shortly thereafter, the roof began to leak. PercyMart was unable to fix the problem after several attempts. Nearly five years later, on May 8, 1989, the appellant filed suit, alleging that it was a third party beneficiary of the earlier oral contract between Union and PercyMart and that PercyMart breached the agreement by not performing the work as warranted. The trial court dismissed the appellant's action as being barred by Ark.Code Ann. § 16-56-105(3) (1987), the three year statute of limitations for breach of contract actions. In addition, the trial court granted Union's motion for summary judgment, finding there was no evidence of a contract between Union and PercyMart. On appeal, the appellant argues the trial court was erroneous in these rulings. Because we affirm the trial court's finding that the appellant's action is barred by the three year statute of limitations, we need not address the summary judgment issue.
Appellant argues that the trial court erred in applying § 16-56-105(3) (1987), to its cause of action, and that instead the correct statute of limitations is Ark.Code Ann. § 16-56-112(a) (1987), which in pertinent part provides as follows:
No action in contract, whether oral or written, sealed or unsealed, to recover damages caused by ... construction and repair of any improvement to real property or for injury to real property or personal property caused by such deficiency, shall be brought against any person performing ... the construction or repair of the improvement more than five *417 (5) years after substantial completion of the improvement.
While the appellant's cause of action was not brought within three years of the alleged breach, its action was brought within five years of the completion of the deficient repairs.
This is our first opportunity to address § 16-56-112 and its effect, if any, on § 16-56-105(3) and other statutes of limitations.[1] Before the enactment of § 16-56-112, a third party could sue architects and people in the construction and building field at any time after completion of work, so long as the third party brought suit within the applicable statute of limitations period commencing from when an injury or breach occurred. In recognition of this fact, states, including Arkansas, adopted statutes to limit the time within which actions could be brought against persons in the construction and building field. See generally Annotation, Time LimitationsAction Against Architect, 93 A.L. R.3d 1242 (1979).
In making its argument, the appellant cites the established rule of law that if two statutes of limitations apply to the same cause of action, generally the statute with the longest limitations will be applied. See O'Bryant v. Horn, 297 Ark. 617, 764 S.W.2d 445 (1989). That rule, however, is not applicable to this case. Section 16-56-112, by its own terms, is not meant to extend existing statutes of limitations. In this respect, subparagraph (f) of the statute provides as follows:
Nothing in this section shall be construed as extending the period prescribed by the laws of this state for the bringing of any cause of action, nor shall the parties to any contract for construction extend the above prescribed limitations by agreement or otherwise.
In keeping with the express language of § 16-56-112(f), we believe it is clear that the five year limitations contained in § 16-56-112(a) cannot be used to extend the three year limitations period provided in § 16-56-105(3). As it relates to the facts in the present case, § 16-56-112(a) clearly establishes a maximum five year period within which an injured party can bring suit against a person who deficiently constructs or repairs an improvement to real property. That period commences after the substantial completion of the improvement. But, in bringing such a suit, the injured party must still bring the action within the statute of limitations for that type of cause of action. For example, in the present case, if the breach or injury occurs immediately after the completion of the improvement, the injured party must still comply with § 16-56-105(3) and bring his action within three years from when the breach occurs but not later than the five year period provided in § 16-56-112(a).
In holding that § 16-56-112 does not extend the three year statute of limitations for the appellant to bring its contract action, we note that other jurisdictions with similar statutes have followed this reasoning. See Lee v. Fister, 413 F.2d 1286 (6th Cir.1969) (applying Kentucky law); Benning Const. Co. v. Lakeshore Plaza, 240 Ga. 426, 241 S.W.2d 184 (1977); Berns Const. Co. v. Miller, 491 N.E.2d 565 (Ind. App. 1 Dist. 1986); O'Connor v. Altus, 67 N.J. 106, 335 A.2d 545 (1975); Comptroller of Virginia v. King, 217 Va. 751, 232 S.E.2d 895 (1977).
For the reasons stated above, we affirm.
NEWBERN, J., not participating.
NOTES
[1] We have addressed § 16-56-112 in other opinions, but in those cases the plaintiffs' actions were barred because they were brought after five years from the date of construction. See Elliotte v. Johnson, 285 Ark. 383, 687 S.W.2d 523 (1985); Okla Homer Smith Manuf. Co. v. Larson & Wear, Inc., 278 Ark. 467, 646 S.W.2d 696 (1983); Cherokee Carpet Mills, Inc. v. Manly Jail Works, Inc., 257 Ark. 1041, 521 S.W.2d 528 (1975).