Cite as 2025 Ark. App. 193

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-23-673

| | |
|---|---|
| THOMPSON THRIFT CONSTRUCTION, INC.<br><br>APPELLANT<br><br>V.<br><br>MODUS STUDIO, PLLC; CENTER POINT CONTRACTORS, INC.; ICRETE TECHNOLOGIES, LLC; PRESTIGE CONSTRUCTION & DEVELOPMENT, LLC; ROOFING SYSTEMS, INC.; AND U.S. FRAMING, INC.<br><br>APPELLEES | **Opinion Delivered** April 2, 2025<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. 72CV-21-2676]<br><br>HONORABLE BETH STOREY BRYAN, JUDGE<br><br><br><br>REVERSED |

**BRANDON J. HARRISON, Judge**

The Pantheon in Rome has stood for more than 1,900 years. If it collapsed tomorrow, the claim-accrual and statute-of-limitations principles that apply in Arkansas to ordinary negligence claims would give an injured person three additional years to sue those who were alleged to have negligently designed or constructed it.[1] That's a long time to stay on the legal hook. So in the 1960s, like legislatures in a number of other states, the Arkansas General Assembly changed the accrual and limitations principles that apply to tort or contract claims for damages "caused by any deficiency in the design, planning, supervision,

---

[1]We would take the defense side of that case.

or observation of construction or the construction and repairing of any improvement to real property" against a person "performing or furnishing the design, planning, supervision, or observation of construction or the construction and repair of the improvement." Ark. Code Ann. § 16-56-112(a) & (b) (Repl. 2005). With a few express exceptions, for those architectural or construction-type claims "[n]o action . . . shall be brought" more than five years from the date of substantial completion of the improvement, even if the limitation period for that kind of claim has not run—and even if no claim exists yet because no damage or injury has yet occurred. Section 112 has been called Arkansas's only statute of repose. 2 David Newbern, John Watkins & D.P. Marshall Jr., *Arkansas Civil Practice & Procedure* § 5:11 (5th ed. 2010).

This appeal presents an issue of first impression in Arkansas: may a party who timely filed claims that are covered by the statute of repose (section 112) refile them under the savings statute (Ark. Code Ann. § 16-56-126 (Repl. 2005)) within one year of a dismissal without prejudice, even if the repose period in section 112 has ended before the one-year savings statute period had run? Put another way, does the statute of repose trump, toll, or defeat (different words, same end) the savings statute? The circuit court ruled that the savings statute did not take pride of place and therefore dismissed Thompson Thrift Construction, Inc.'s (Thompson's) refiled claims against Modus Studio, PLLC (Modus) with prejudice. We respectfully disagree and reverse.

The lead up to this appeal includes three lawsuits in Washington County Circuit Court and one arbitration. West Center Partners, LLC (WCP) filed the first lawsuit in July 2019 alleging that Thompson was responsible as prime contractor for undetermined

2

construction defects in a Fayetteville student housing project WCP owned. Before filing an answer, Thompson and its surety Fidelity and Deposit Company of Maryland (collectively "Thompson") filed a third-party complaint against eight third-party defendants, including Modus, the project's architect. Thompson alleged that to the extent it was liable to WCP, the third-party defendants "each are or may be liable to [Thompson] for their respective breaches of contract with [Thompson], breaches of applicable implied and express warranty, contribution and indemnification." Thompson included claims for negligence, contribution, breach of contract, breach of implied warranties, and indemnity.

The repose periods in section 112(a) & (b) run from the date an improvement to real property is substantially complete. The parties agree that date was 14 August 2014. Thompson filed its third-party complaint on 14 August 2019—within five years. But WCP nonsuited its complaint to pursue its claims in arbitration. The circuit court found this "render[ed] moot the claims and causes of action" in Thompson's third-party complaint and dismissed it without prejudice on 2 December 2020. Thompson opposed the dismissal but did not appeal.

Thompson moved the arbitrator to join five subcontractors in the arbitration. The arbitrator allowed it. Four subcontractors sued to stop that. The circuit court entered a declaratory judgment compelling WCP and Thompson *not* to arbitrate with them in May 2022. WCP went on to win a $13,529,726 award in arbitration against Thompson alone. Thompson paid it. So Thompson is left holding the bag, so to speak, unless it can recover in this action, filed 364 days after the court dismissed its third-party complaint (savings statute

3

✓)—but more than seven years after the construction project was substantially complete (repose statute ✗).

All defendants naturally argued that section 112 barred Thompson's refiled claims. The circuit court uniformly ruled the savings statute did not toll the repose periods in section 112. But Modus was the only party dismissed from the case as a result, because contractual-indemnity claims Thompson pleaded against the other defendants are not subject to section 112.[2]

To save the effort and expense of holding a two-week trial without Modus—and doing it over, with Modus, if we reversed the repose ruling later—the circuit court certified the order granting Modus summary judgment for immediate appeal. Ark. R. Civ. P. 54(b). The court made detailed findings about the waste of resources that would result if an appeal were postponed. It observed that Thompson's dismissed claims (against all defendants) and those set for trial (against all but Modus) "all arise from the same construction project" of which Modus was architect. Resolving them would "necessarily require an allocation of fault (if any) among all of these defendants[,]" so Modus would be "entitled to relitigate virtually all issues raised in the first trial" if we reversed the repose ruling later. Further, the result of an immediate appeal "could impact the previously dismissed claims against the rest of the defendants for negligence, breach of contract, breach of warranty, and contribution." Thompson filed a timely notice of appeal.

---

[2]*Ray & Sons Masonry Contractors, Inc. v. U.S. Fid. & Guar. Co.*, 353 Ark. 201, 114 S.W.3d 189 (2003). Thompson did not dispute that section 112 applied to its other claims but contended it could refile them under the savings statute.

4

We begin with the text of the savings statute, emphasizing five words that are chiefly in contention:

> (a)(1) If any action is commenced within the time respectively prescribed in this act, in §§ 16–116–101 [to] 16–116–107, in §§ 16–114–201 [to] 16–114–209, *or in any other act*, and the plaintiff therein suffers a nonsuit, . . . , the plaintiff may commence a new action within one (1) year after the nonsuit suffered or judgment arrested or reversed.

Ark. Code Ann. § 16-56-126(a)(1) (emphasis added).

Thompson sees an easy analysis: (1) Act 42 of 1967, codified at section 16-56-112(a), was an "other act"; (2) it prescribed "the time" within which an action must commence; (3) Thompson brought its claims in time; and (4) they were dismissed without prejudice. (Not even by voluntary nonsuit, though this matters only for "optics" given the long history of treating voluntary and involuntary dismissals as "nonsuits" in this statute. *See State Bank v. Magness*, 11 Ark. 343 (1850).) The savings statute is agnostic about whether the "time . . . prescribed" is a limitation period, a repose period, or both. It follows that Thompson could "commence a new action" within a year, which it did.

Modus argues that statutes of repose are different animals than the statutes of limitation to which our appellate courts have applied the savings statute before now. For claims that do not accrue until after the repose period ends, one difference is obvious: in our opening Pantheon example, a claim filed the same day as the collapse would still be 1,895 years late. Otherwise the parties mostly trade tweedy abstractions that might be meaningful in an appeal of a different issue but don't move the needle in this one. For example, Modus observes that a statute of limitation is "procedural in nature" and extinguishes "only the right to *enforce the remedy*," while a statute of repose "extinguishe[s]

5

the right to bring the lawsuit itself." *Summerville v. Thrower*, 369 Ark. 231, 238, 253 S.W.3d 415, 420 (2007) (emphasis original). The supreme court has observed that similar issues about how to characterize section 112 were "largely a question of semantics and manipulation of legal theory." *Carter v. Hartenstein*, 248 Ark. 1172, 1174, 455 S.W.2d 918, 920 (1970).

If we look at the language of section 112 instead of the parties' characterizations of it, the statute is not difficult to reconcile with section 126. Section 112(a) reads, in material part, "[n]o action in contract . . . shall be brought . . . more than five (5) years after substantial completion of the improvement." Like a statute of limitation, it sets a time limit to commence an action. Ark. R. Civ. P. 3. An action is commenced by filing a complaint, which tolls the limitations period from the filing date if the plaintiff makes at least a "completed attempt" to serve the defendant in the time Rule 4 prescribes. *White v. Owen*, 2021 Ark. 31, 617 S.W.3d 241; *Forrest City Machine Works, Inc. v. Lyons*, 315 Ark. 173, 866 S.W.2d 372 (1993); *Thomas v. Gray*, 2023 Ark. App. 281, 669 S.W.3d 37. At least *that* kind of tolling must apply to the claims described in section 112, Thompson points out, or the claims could "repose" during litigation or appeal despite being filed in time.

Modus points to three opinions in which our supreme court held the savings statute did not apply, though the statutory deadlines involved would also have been prescribed "in any other act." *See In re Adoption of Martindale*, 327 Ark. 685, 940 S.W.2d 491 (1997) (one-year period for challenging adoption decree); *Casey v. Burdine*, 214 Ark. 680, 217 S.W.2d 613 (1949) (thirty-day period for election contest); *Yates v. Phillips*, 180 Ark. 709, 22 S.W.2d 559 (1929) (thirty-day period for challenge to power and light improvement district). We

6

note that only *Martindale* was decided after Act 221 of 1985 added the words "or in any other act" to the savings statute.[3] What is now section 16-56-112(a) was already in force, codified with it in Title 37, "Limitation of Actions." Ark. Stat. Ann. §§ 37-222, -237.

As Thompson points out, *Martindale*, *Casey*, and *Yates* involved statutory special proceedings, not civil actions. For special proceedings, Rule 81(a) adopts statutory procedures that conflict with the Arkansas Rules of Civil Procedure. Ark. R. Civ. P. 81(a). In *Martindale*, that meant Arkansas Rule of Civil Procedure 41 did not apply to the adoption-challenge proceeding, and the plaintiff could not properly take a nonsuit at all. 327 Ark. at 691, 940 S.W.2d at 494. The same was true, the court held, for will contests. *Screeton v. Crumpler*, 273 Ark. 167, 617 S.W.2d 847 (1981).

The supreme court characterized *Casey* as holding "that the savings statute applies only to actions governed by a general statute of limitations, and not to proceedings, such as election contests, in which the right to file is limited to a very short period[.]" *McCastlain v. Elmore*, 340 Ark. 365, 369, 10 S.W.3d 835, 837 (2000). Thompson's action fell in (or at least closer to) the first category. Section 112 applies to actions (✔) for common-law claims in a particular industry. Claims that arise during the repose periods (in other words, claims for liabilities that were not extinguished before the claims could accrue) must be filed within the generally applicable statutes of limitation (✔) too. *E. Poinsett Cnty. Sch. Dist. No. 14 v. Union Standard Ins.*, 304 Ark. 32, 34, 800 S.W.2d 415, 417 (1990). And although the parties

---

[3]Act 221 of 1985, § 1. In an emergency clause, the General Assembly found the savings statute "ha[d] been the subject of misinterpretation resulting in inequitable treatment of many plaintiffs" and amendment was "immediately necessary to clarify that law." *Id.* § 3.

agree that section 112 is in substance a statute of repose—and we do not disagree—the statute itself refers to the repose periods as "limitations." Ark. Code Ann. § 16-56-112(c) (providing that "[t[he foregoing limitations" will apply to actions for damages caused by surveying, among others); (d) ("[t]he limitations prescribed by [section 112] shall not apply in the event of fraudulent concealment of the deficiency."); and (f) ("nor shall the parties to any contract for construction extend the above prescribed limitations by agreement or otherwise.").

The savings statute has been part of our civil practice since at least 1838, a scant two years after Arkansas was admitted to the Union.[4] Section 112(a) is an "other act" that prescribes "the time" within which an action it describes must commence. If the General Assembly intended to exclude plaintiffs who file those actions in time from the permission to "commence a new action" within one year after a nonsuit, Ark. Code Ann. § 16-56-126(a), we believe it would have expressed that intent more clearly.

Reversed.

TUCKER and THYER, JJ., agree.

*Barber Law Firm PLLC*, by: *Michael J. Emerson* and *Ben C. Hall*, for appellant.

*Wright, Lindsey & Jennings LLP*, by: *Gary D. Marts, Jr.*, *Eric Berger*, and *Caley B. Vo*, for separate appellee Modus Studio, PLLC.

---

[4]It was enacted 5 March 1838 with thirty-three other limitation-related statutes in Chapter 91 of the Revised Statutes.