## OKLA HOMER SMITH MANUFACTURING COMPANY *v.* LARSON AND WEAR, INC. and INDUSTRIAL ROOFING AND SHEET METAL COMPANY, INC.

82-298                                                    646 S.W.2d 696

Supreme Court of Arkansas
Opinion delivered February 28, 1983

*Robins, Zelle, Larson & Kaplan,* Dallas, Texas, and *Jones, Gilbreath & Jones,* for appellant.

*Warner & Smith,* by: *G. Alan Wooten* and *Joel D. Johnson,* for appellee Larson and Wear, Inc.

*Shaw & Ledbetter,* for appellee Industrial Roofing and Sheet Metal Company, Inc.

FRANK HOLT, Justice. Appellant contracted with appellee Larson and Wear as the general contractor to construct an addition to appellant's furniture factory. Larson and Wear subcontracted the roofing to appellee Industrial Roofing. The work was completed in 1974. The roof sustained damage during a storm on April 2, 1980. On June 30, 1981 the appellant filed this action against the appellees alleging that the roof damage had been caused by the negligent design, fabrication, and installation of the roof by Industrial Roofing and the negligent supervision of Industrial Roofing by Larson and Wear. The circuit court granted the appellees' motions to dismiss on the ground that the action was barred by the five year statute of limitations, Ark. Stat. Ann. § 37-237 (Supp. 1981). Further, it was barred by the three year statute of limitations governing torts. Ark.

Stat. Ann. § 37-206 (Repl. 1962). Appeal is taken from the dismissal of the action.

Section 37-237 is § 1 of Act 42, Acts of Arkansas, 1967, and it states as follows:

> No action in contract (whether oral or written, sealed or unsealed) to recover damages caused by any deficiency in the design, planning, supervision or observation of construction or the construction and repair of any improvement to real property or for injury to property, real or personal, caused by such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision or observation of construction or the construction or repair of such improvement more than five (5) years after substantial completion of same.

The appellant observes that this provision applies only to actions "in contract" whereas the next section, § 37-238, a similar statute governing personal injury actions, applies to actions "in tort or contract." He argues that the legislature left open the possibility that a plaintiff who had contracted to have construction work performed could sue the contractor for personal damage arising from a deficiency in design, planning, supervision or construction of an improvement more than five years after its completion if the plaintiff alleged negligence, a tort, rather than breach of contract. Since his complaint alleges negligence, he argues that § 37-237 is inapplicable. Consequently, § 37-206 is the only governing statute as to when the action must be brought. Section 37-206 requires that the tort action be brought within three years after the cause of action accrues. The appellant argues that its cause of action accrued on April 2, 1980 when the storm caused the damage, because the tort was not complete until that time. Thus, its action was not barred, since it was filed on June 30, 1981, well within three years after the date he claims the cause of action accrued.

The first issue presented is whether the phrase "in contract" in § 37-237 should be construed to mean the statute

is limited to actions where the plaintiff alleges a theory of recovery in contract or whether it is broad enough to govern in actions arising out of a construction contract where property damages, as here, are allegedly caused by a tort; i.e., negligence in the deficiency in design, planning, supervision or construction. As we have stated on many occasions, the guiding star in interpreting a statute is the intention of the legislature. *Shoop* v. *State*, 209 Ark. 642, 192 S.W.2d 122 (1946); *West* v. *Cotton Belt Levee Dist. No. 1*, 116 Ark. 538, 173 S.W. 403 (1915); and *Henderson* v. *Russell*, 267 Ark. 140, 589 S.W.2d 565 (1979). Here, it is obvious that the legislative purpose was to enact a comprehensive statute of limitations protecting persons engaged in the construction industry from being subject to litigation arising from work performed many years prior to the initiation of the lawsuit. Similar statutes were enacted in many states during the 1960's. The annotation at 93 A.L.R.3d 1242, 1246 (1979) states:

> While the statutes thus enacted are not uniform in content, the purpose for which they were enacted was uniformly to limit the time within which actions for deficiencies in the design, construction, and supervision of construction of improvements to real property, for which architects, engineers, and others in the construction industry were responsible, could be brought against such persons. The effect of such statutes is to cut off entirely an injured person's right of action before it accrues, if it does not arise until after the statutory period has elapsed.

See also *Carter* v. *Hartenstein*, 248 Ark. 1172, 455 S.W.2d 918 (1970).

We have held that it is always proper to look at the preamble of an act to ascertain its meaning. *Oliver* v. *Southern Trust Co.*, 138 Ark. 381, 212 S.W.2d 77 (1919). The preamble to Act 42 states:

> An act to establish a Statute of Limitations for *any* deficiency in design, supervision and construction of improvements to real property, for injury to real or

personal property and for personal injuries and wrong-ful death arising from such deficiency, and to establish financial responsibility for persons bringing actions in connection therewith. (Italics supplies.)

An impartial reading of the nine sections of Act 42 confirms the statement in the preamble that the Act was intended to establish limitations for "any" deficiency in work arising out of a construction contract.

If we construed § 37-237 in the manner urged by the appellant, the purpose of the legislature in enacting that provision would be totally frustrated, because every plaintiff who wished to avoid its impact could do so merely by alleging negligence rather than contract as the theory of recovery. Instead, we construe the phrase "in contract" in § 37-237, in the light of the legislative purpose and the language of the preamble to Act 42, to extend the coverage of § 37-237 to all actions which arise out of a construction contract where property damage has allegedly resulted from any deficiency in design, planning, supervision or observa-tion of construction or the construction and repair of any improvement to real property.

The facts in the present case are somewhat analogous to those in *Atkins Pickle* v. *Burrough-Uerling-Brasuell*, 275 Ark. 134, 628 S.W.2d 9 (1982), where we held that the "real character" of an action for negligent performance of a construction contract was in contract rather than in tort. Here, Smith contracted with Larson and Wear for the construction of the addition to the factory, and Larson and Wear subcontracted with Industrial Roofing for its roofing obligation under the contract with Smith. Hence, all the work about which appellant complains which caused property damages was done pursuant to a contractual relationship between the parties to this litigation. Accord-ingly, § 37-237 applies to this action. It is admitted that the action was filed more than five years after substantial completion of the improvement. Therefore, the trial court correctly held this action to be barred by § 37-237.

Since we hold that the action is barred by § 37-237, we

deem it unnecessary to discuss the other argument advanced by the appellant.

Affirmed.

ADKISSON, C.J., dissents.

RICHARD B. ADKISSON, Chief Justice, dissenting. The majority has held that the statute of limitations for "actions in contract" provided for under Ark. Stat. Ann. § 37-237 (Supp. 1981) is now also applicable to actions in tort. I cannot agree with the extension of this statute by construction. The effect of statutes of limitations is to cut off the right to bring an action which would otherwise remain. For this reason such statutes should be narrowly construed. *See St. Louis I.M. & S. Ry. Co.* v. *B. & W. Tel. Co.*, 86 Ark. 300, 110 S.W. 1047 (1908).

The majority justifies their broad construction of the statute by finding that the legislature intended to bar all actions (i.e., both contract and tort) arising out of a construction contract after five years. It is interesting to note that our statute was modeled after Ind. Code Ann. § 34-4-20-2 (Burns 1973), which specifically provides that actions "whether based upon contract, tort, nuisance, or otherwise, ..." will be barred after a stated time. It is, therefore, logical to conclude that since our legislature limited the time for recovery of damages to "action[s] in contract (whether oral or written, sealed or unsealed ... )", the legislative intent was that Ark. Stat. Ann. § 37-237 apply only to actions in contract.