Larry R. ROGERS and Elizabeth H. Snipan *v.* Don
MALLORY

96-1359                                              941 S.W.2d 421

Supreme Court of Arkansas
Opinion delivered April 14, 1997

*David H. Williams*, for appellants.

*Mark S. Cambiano*, for appellee.

DAVID NEWBERN, Justice. Arkansas Code Ann. § 16-56-112(a) (1987) provides:

> No action in contract, whether oral or written, sealed or unsealed, to recover damages caused by any deficiency in the design, planning, supervision, or observation of construction or the construction and repair of any improvement to real property or for injury to real or personal property caused by such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision, or observation of construction or the construction or repair of the improvement more than five (5) years after substantial completion of the improvement.

The question to be answered in this appeal is whether the five-year limit imposed by the statute applies to claims for breach of the implied warranty of habitability of a dwelling. The Trial Court held the statute applicable, and we affirm.

Larry R. Rogers and Elizabeth H. Snipan, husband and wife, purchased the home in question from Ron and Kay Dobie in May

1992. Although the buyers had the home inspected for defects, and had some defects repaired by the Dobies prior to closing, they were unaware that the fill on which the house was built had been composed of wet pond dirt that was slowly drying and causing the underlying concrete slab to collapse.

By the time Mr. Rogers and Ms. Snipan filed their complaint in August 1994, the home was a disaster area. The flooring had crushed drain pipes below. Doors and cabinets were ajar. Sewage was oozing through the exterior brick walls. Mr. Rogers and Ms. Snipan were washing dishes and clothes over buckets and had only one bathing area that drained suitably. Estimates of repairs ranged from $132,000, which would not buy a guarantee of completely solving the problem, to $193,000, which would purchase repairs with a guarantee that no further settlement would occur.

The complaint named a number of defendants. All were dismissed except the Dobies, Bob Kordsmeier (individually and as agent for Conway Home Inspection Service, Inc.), and appellee Don Mallory, a general building contractor who allegedly built the home through the process of subcontracting with members of building trades.

In his amended answer, Mr. Mallory asserted as an affirmative defense, among others, that the action was barred by § 16-56-112(a). He moved to dismiss. The Trial Court said she was treating the motion as one for summary judgment, but she held a hearing at which some testimony was taken and ruled in favor of Mr. Mallory. She then certified the case for appeal pursuant to Ark. R. Civ. P. 54(b), holding the claims against the Dobies and Mr. Kordsmeier in abeyance until the appeal of her decision with respect to Mr. Mallory has been decided.

The only argument presented in the brief of Mr. Rogers and Ms. Snipan is that § 16-56-112(a) does not apply to a cause of action alleging that a general contractor, in constructing a residence, breached the implied warranty of habitability. They argue that when we recognized the implied warranty in cases such as *Wawak v. Stewart*, 247 Ark. 1093, 449 S.W.2d 922 (1970), and *Blagg v. Fred Hunt Co.*, 272 Ark. 185, 612 S.W.2d 321 (1981), we did not intend that claims asserting a breach of the warranty be

governed by § 16-56-112(a). Mr. Rogers and Ms. Snipan point out § 16-56-112(a) or a predecessor was in effect at the time we recognized the implied warranty and that we did not mention the statute or suggest that the right to sue for a breach of the warranty could be terminated after five years from the date of the home's substantial completion.

Mr. Rogers and Ms. Snipan also cite language from our cases stating that the implied warranty extends to subsequent purchasers and exists for a "reasonable length of time." *See Sanders v. Walker,* 298 Ark. 374, 767 S.W.2d 526 (1989); *Blagg v. Fred Hunt Co., supra.* They contend that language affords them the *right to sue* for a "reasonable length of time" irrespective of the five-year limitation prescribed by § 16-56-112(a). They reason that a rule that essentially terminates a purchaser's right to sue for a breach of the warranty before the purchaser has even seen or purchased the home, let alone discovered any defects or suffered any damages, is fundamentally at odds with the rationale and policy considerations that led this Court to recognize a cause of action for breach of the implied warranty of habitability. Mr. Rogers and Ms. Snipan seek a ruling that a subsequent purchaser of a home has a reasonable amount of time in which to bring a claim for breach of the implied warranty of habitability and that the purchaser is not required to comply with § 16-56-112(a) and bring such a claim within five years of the substantial completion of the home.

If we could decide this case simply by considering "the equities," assuming proof of the allegations made, we would have to rule in favor of Mr. Rogers and Ms. Snipan. Construction on their home was completed in December 1986. They were not shown the home by a real estate agency until February 1992, and they did not close the deal and take possession until May 1992. They began to notice the drainage problems in November 1992, and they finally discovered the causes of the defects in June 1993.

Nonetheless, the statute was correctly followed by the Trial Court. While we have made an exception (as does § 16-56-112(d) specifically), on the basis of fraudulent concealment, to statutes limiting the time in which an action must be brought, no such fraud argument is made here. According to § 16-56-112(a),

an action "in contract" (and there is no argument made here that the breach-of-warranty claim is not such an action) must be brought no more than five years after substantial completion of the home. There is no exception in the statute, as the appellants suggest there is, for residential property, and the statute does not give a purchaser a "reasonable length of time" in which to bring suit.

Although we may not have mentioned § 16-56-112(a), when discussing the "reasonable length of time" requirement in prior implied-warranty cases, it has not been at issue. We have not held that a purchaser may bring suit for a breach at any "reasonable" time. The *obiter dicta* cited say that the warranty *exists* for a reasonable length of time, not that a purchaser has any "reasonable" amount of time in which to sue for a breach of the warranty.

■ We have recognized that the effect of § 16-56-112(a) and statutes similar to it "is to cut off entirely an injured person's right of action before it accrues," even "if it does not arise until after the statutory period has elapsed." *Okla Homer Smith Mfg. Co. v. Larson & Wear, Inc.,* 278 Ark. 467, 470, 646 S.W.2d 696, 698 (1983), *quoting* Annotation, 93 A.L.R.3d 1242, 1246 (1979). Thus, § 16-56-112(a) is more accurately described as a "statute of repose" rather than a "statute of limitations." *See* J.W. Looney, *When Third Means Fourth, Contract Includes Tort, and a Five-Year Statute of Limitation Actually Leaves Only Three Years or Less to File Suit: The Strange Saga of the Arkansas "Statute of Repose" in Construction Cases,* 1993 ARK. L. NOTES 87, 90 n.15.

■ We have observed that the General Assembly's purpose in enacting the statute "was to enact a comprehensive statute of limitations protecting persons engaged in the construction industry from being subject to litigation arising from work performed many years prior to the initiation of the lawsuit." *Okla Homer Smith Mfg. Co.,* 278 Ark. at 470, 646 S.W.2d at 698. *See also East Poinsett County School Dist. No. 14 v. Union Standard Ins. Co.,* 304 Ark. 32, 33-34, 800 S.W.2d 415, 417 (1990).

■ The statute is clear. It does not conflict with the holding of any case in which we have dealt with the implied warranty of habitability, and we must follow it.

Affirmed.