2010 Ark. App. 205

**Bill CARLSON and Jane Carlson, Appellants**

v.

**KELSO DRAFTING AND DESIGN, INC., d/b/a The Kelso Firm, et al., Appellees.**

**No. CA 08–1327.**

Court of Appeals of Arkansas.

March 3, 2010.

William Palma Rainey, Marion, Christopher Aaron Averitt, Scholtens & Averitt, PLC, Jonesboro, for Appellant.

John Carter Farley, Little Rock, Rick Allen Behring, Jr., Little Rock, Ernest Eudox Patterson, Hot Springs, for Appellee.

JOHN MAUZY PITTMAN, Judge.

This is an appeal from an order of dismissal based on the trial court's conclusion that appellants' action was time-barred by Ark.Code Ann. section 16–56–112(a) (Repl.2005). Appellants argue that the trial court erred in dismissing their action because there was a genuine issue of material fact. In addition, they ask us to judicially modify the statute to create an exception in cases such as theirs. We affirm.

In reviewing a trial court's decision on a motion to dismiss under Ark. R. Civ. P. 12(b)(6), we treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. *Martin v. Equitable Life Assurance Society*, 344 Ark. 177, 40 S.W.3d 733 (2001). In testing the sufficiency of a complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the

pleadings are to be liberally construed. *Id.* However, our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *Id.*

The essential facts are not in dispute. Appellants had a custom home built. The general contractor and designer of the home was Wayne Kelso. Pursuant to appellants' request, a concrete-tile roof was installed. The various appellee Kelso firms were engaged in the construction of the home. Kelso hired Travis Pendarvis, d/b/a Best Roofing Company, to install the roof. Construction was completed in 2002. Leaking was noticed by appellants after the first rain following occupancy. The Kelso firms told appellants that the defects could be repaired, and they, together with Pendarvis, made repeated attempts to repair the roof from the time of occupancy in 2002 until March 2006, when broken roof tiles were replaced. At that time, appellants believed that the roof had been successfully repaired but, upon discovering further leakage in November 2007, they again contacted Wayne Kelso and demanded that the roof be fixed. On January 18, 2007, the Kelsos said that the leaks were caused by product defects rather than faulty design or installation. In August 2007, appellants contracted with another firm to replace the roof; it was then, they later alleged, that they learned of the construction and installation defects for which they brought suit on February 29, 2008. Appellees moved to dismiss based on Ark. R. Civ. P. 12(b)(6). After a hearing on August 4, 2008, the trial court held that the cause was time-barred by Ark.Code Ann. section 16–56–112(a), and granted the motion to dismiss.

■ Section 16–56–112(a) provides that: No action in contract, whether oral or written, sealed or unsealed, to recover damages caused by any deficiency in the design, planning, supervision, or observation of construction or the construction and repair of any improvement to real property or for injury to real or personal property caused by such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision, or observation of construction or the construction or repair of the improvement more than five (5) years after substantial completion of the improvement.

Except for cases involving personal injury, the only exception to the application of this statute is found in subsection (d), which states that the limitation prescribed by section 16–56–112 shall not apply in the event of fraudulent concealment of the deficiency. The defense of fraudulent concealment requires a fact question related to some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in a way that it conceals itself. *Curry v. Thornsberry,* 354 Ark. 631, 128 S.W.3d 438 (2003).

■ Appellants argue that the trial court erred in dismissing their complaint because they pled facts sufficient to create a fact question as to fraudulent concealment. We disagree. Here, appellants were, by their own admission, aware that there was a construction or installation defect in 2002, yet they did not file their lawsuit until 2008. There is nothing alleged that would constitute a furtive, secret, positive act of fraud. In fact, appellants candidly state in their complaint that one of the Kelso appellees actually suggested as early as March 2006 that appellants would need to file suit against the Kelso firms to resolve the problem but that appellants did not wish to do so. Although appellants were told by the builders that they should not walk on the concrete roof tiles because they would break,

appellants do not allege that the tiles could in fact be walked on without breakage and, in any event, nothing prevented them from using ladders or other means to inspect the work. In fact, that is what they ultimately did. The dissenting judge's position is that representations that repair is possible, combined with continued attempts to repair, are sufficient facts to support allegations of fraudulent concealment, even when the builder suggests that it may be necessary for the homeowner to sue them to resolve the problem. We think it preposterous to assert that these allegations are sufficient to support a finding of a secretly executed and furtive plan to defraud. To hold that this is all that was required would be to adopt the repair doctrine discussed and rejected *infra*. We think such an invitation to sue is incompatible with a secretly executed and furtive plan to defraud, and we hold that appellants failed to present a material allegation of fact regarding the defense of fraudulent concealment.

■ Appellants also urge us to adopt a "repair doctrine" that would have the effect of tolling the statute during the period that appellees attempted repairs and representations were made that the repairs would cure the defects. With respect to a statute of limitation, Arkansas has long recognized that:

> [W]hile the statute of limitations ordinarily begins to run against an action for breach of warranty upon the sale and delivery of a chattel which does not comply with the warranty, yet the statute is tolled so long as the vendor insists that the defect can be repaired and is attempting to do so.

*Louisville Silo & Tank Co. v. Thweatt*, 174 Ark. 437, 442, 295 S.W. 710, 712 (1927). A similar "repair doctrine" is recognized in several foreign jurisdictions. *See, e.g., Gustine Uniontown Associates, Ltd. v.*

*Anthony Crane Rental, Inc., L.P.*, 577 Pa. 14, 842 A.2d 334 (2004). Therefore, the question is not whether such a doctrine should be adopted in Arkansas, but is instead whether it should apply to the time-bar established by Ark.Code Ann. section 16–56–112(a) (Repl.2005).

■ In *Curry v. Thornsberry, supra*, our supreme court noted that section 16–56–112 is not a mere statute of limitation but instead a statute of repose, the effect of which is to entirely cut off a cause of action after the statutory period elapses. The *Curry* court further declared that the legislature intended, in enacting this statute, to create a comprehensive statute protecting persons engaged in the construction industry from being subject to litigation arising from work performed many years prior to the initiation of the lawsuit. Therefore, if the breach or injury occurs immediately after the completion of the improvement, representations and attempts to repair may toll the three-year statute of limitations set out in Ark.Code Ann. section 16–56–105(3), but for no longer than the five-year period provided in section 16–56–112(a). *See East Poinsett County School v. Union Standard*, 304 Ark. 32, 800 S.W.2d 415 (1990). Given the legislative intent and the supreme court's consistent refusal to graft judicially created exceptions onto the statute of repose, we decline appellants' invitation to amend the statute by judicial fiat.

Affirmed.

GLADWIN, KINARD, and GLOVER, JJ., agree.

BAKER and BROWN, JJ., dissent.

BAKER, J., dissenting.

The majority affirms noting that appellants candidly state in their complaint that one of the Kelso appellees "actually suggested as early as March 2006 that

appellants would need to file suit against the Kelso firms to resolve the problem but that appellants did not wish to do so." The majority then opines that "such an invitation to sue is incompatible with a secretly executed and furtive plan to defraud, and we hold that appellants failed to present a material allegation of fact regarding the defense of fraudulent concealment." However, the majority's observation does not address the specifics of appellant's allegations.

From 2002 to 2006, Kelsos attempted various repairs to the roof. The allegations were that fifteen "fixes" took place. In March 2006, the Carlsons thought the problem was solved. However, in November 2006 the Carlsons discovered more water damage in sheet rock and water standing on furniture. Throughout the years and during the work on the roof, Kelsos maintained that repair of the roof was possible. Kelsos deviated from this position only when they made statements that the problem might be a product defect and sent samples off for "testing." Kelsos explained that if the product was defective, the Carlsons would need to sue Kelsos, who would then sue the manufacturer. Thereafter, Wayne Kelso informed the Carlsons that testing showed the tile was not defective.

While the majority finds that the invitation to sue is incompatible with a plan to defraud, the allegation is that Kelsos attempted at one point to place the blame on the roof manufacturer. Thus, the facts pled support the conclusion that Kelsos were creating a false impression that Kelsos' installation was not to blame for the leaks. When the tiles proved to be sound, no reason to sue for defective manufacturing existed. Only when the Carlsons hired a new company to repair the roof did they discover improper installation was the cause of the leaking, and that although haphazard repairs had been made, complete replacement of the roof was required.

While Arkansas Rule of Civil Procedure 12(b)(6) provides the authority for the trial court to grant a dismissal, the Rule must be read in conjunction with Rule 8, which sets out the requirements of a complaint. *Spires v. Members of Election Comm'n*, 302 Ark. 407, 790 S.W.2d 167 (1990). Arkansas Rule of Civil Procedure 8(a) provides that a pleading "shall contain (1) a statement in ordinary and concise language of facts showing that the court has jurisdiction of the claim and is the proper venue and that the pleader is entitled to relief, and (2) a demand for the relief to which the pleader considers himself entitled." In addition, it is well recognized that pleadings are to be liberally construed and are sufficient if they advise a party of its obligations and allege a breach of them. *Deitsch v. Tillery*, 309 Ark. 401, 833 S.W.2d 760 (1992); *Bethel Baptist Church v. Church Mut. Ins. Co.*, 54 Ark.App. 262, 924 S.W.2d 494 (1996).

In order to properly dismiss a complaint pursuant to a 12(b)(6) motion, the trial court must find that the complaint either (1) failed to state general facts upon which relief could have been granted or (2) failed to include specific facts pertaining to one or more of the elements of its claims after accepting all facts contained in the complaint as true and in the light most favorable to the non-moving party. *See Perrodin v. Rooker*, 322 Ark. 117, 908 S.W.2d 85 (1995).

Arkansas Code Annotated section 16–56–112(a) (Repl.2005) provides that "[n]o action in contract ... to recover damages caused by any deficiency in the design, planning, supervision, or observation of construction or the construction and repair of any improvement to real property ... shall be brought against any person ... more than five (5) years after substantial

completion of the improvement." Section 16–56–112(d) contains an exception for fraudulent concealment. Section 16–56–112 is a statute of repose and cannot be used to extend what would otherwise be a three-year statute of limitations period under Arkansas Code Annotated section 16–56–105 (1987) for negligence or for implied contracts. *East Poinsett County Sch. Dist. No. 14 v. Union Std. Ins. Co.*, 304 Ark. 32, 800 S.W.2d 415 (1990).

Therefore, we must focus on the allegations as to Kelso's actions that constitute the allegation of fraudulent concealment. Our supreme court has addressed what constitutes fraudulent concealment:

> In order to toll the statute of limitations, we said that plaintiffs were required to show something more than a continuation of a prior nondisclosure. We said that there must be evidence creating a fact question related to 'some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in a way that it conceals itself.'

*Shelton v. Fiser*, 340 Ark. 89, 96, 8 S.W.3d 557, 562 (2000) (quoting *Martin v. Arthur*, 339 Ark. 149, 3 S.W.3d 684 (1999)).

In evaluating whether fraudulent concealment is sufficiently alleged, the criminal definition of deception is helpful:

> (i) Creating or reinforcing a false impression, including false impressions of fact, law, value, or intention or other state of mind that the actor does not believe to be true; or
>
> (ii) Preventing another from acquiring information which would affect his judgment of a transaction; or
>
> (iii) Failing to correct a false impression that the actor knows to be false and that he created or reinforced or that he knows to be influencing another to

whom he stands in a fiduciary or confidential relationship; or

> (iv) Failing to disclose a lien, adverse claim, or other legal impediment to the enjoyment of property which the actor transfers or encumbers in consideration for the property or service obtained, or in order to continue to deprive another of his property, whether such impediment is or is not valid or is or is not a matter of official record; or
>
> (v) Employing any other scheme to defraud[.]

Ark.Code Ann. § 5–36–101(3)(A) (Repl. 2006).

The Carlsons allege that Kelsos created and reinforced the impression that the leaks were caused by minor problems that Kelsos would be able to fix, that Kelsos prevented the Carlsons from inspecting the roof themselves by admonishing them that their presence on the roof would cause damage, that Kelsos knew the Carlsons were relying on Kelsos' expertise regarding the repair of the roof, and that Kelsos failed to disclose the full extent and nature of the problems and the inadequacy of the attempted repairs.

The facts alleged in the complaint describe the ongoing repair attempts as a means by which Kelsos concealed the source and nature of the roof leaks. The ongoing repair process, coupled with the assurances by Kelsos that the problem was fixable and to stay off the roof, constitute the allegations of fraudulent concealment. Appellees emphasize a lack of proof as to fraudulent concealment, but sufficiency of the allegations is the only correct inquiry when evaluating a 12(b)(6) dismissal, and only the allegations that Kelsos perpetuated fraudulent concealment of the faulty installation by continually representing that the roof could be repaired are neces-

sary to withstand the 12(b)(6) motion to dismiss.

For these reasons, I dissent.

BROWN, J., joins.