# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-3723

_____

Star City School District

*Plaintiff - Appellant*

v.

ACI Building Systems, LLC

*Defendant - Appellee*

------------------------------

ACI Building Systems, LLC

*Third Party Plaintiff*

v.

Southeast Building Concepts, Inc.; Metal Building Components, Inc.

*Third Party Defendant*s

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: September 21, 2016
Filed: January 6, 2017

_____

Before WOLLMAN, ARNOLD, and KELLY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Star City School District (the District) filed suit against ACI Building Systems, LLC (ACI), a company that manufactured and supplied roofing materials that were used in the construction of a high school building. The complaint alleged that the building's roof was not watertight and that ACI had failed to repair or replace the roof, despite its promises and obligation to do so. The district court[1] granted ACI's motion to dismiss the claims of fraud and constructive fraud and later granted summary judgment in favor of ACI on the remaining claims of breach of warranty, breach of contract, and negligence. We affirm.

## I. Background

In 2003, the District entered into a construction contract with Southeast Building Concepts, Inc. (SBC), for SBC to construct a new high school building. SBC served as the general contractor for the project and issued a performance and payment bond that named the District as the obligee. Steve Elliot served as the District's architect.

SBC began working on the project in late April 2003 and thereafter entered into an agreement with ACI, under which ACI agreed to supply SBC with certain metal building and roofing materials to be used in the construction of the high school building. ACI was not a party to the construction contract between SBC and the

_____

[1]The Honorable Kristine G. Baker, United States District Judge for the Eastern District of Arkansas.

District, and ACI did not install the roof. That work was completed by SBC or others as directed by SBC.

The school's roof was not properly installed and has never been watertight. In a December 2004 letter addressed to the president of SBC and copied to the District's superintendent, Elliot's architectural firm expressed concerns that SBC had not yet repaired "several major roof leaks that [had been] brought to the job superintendent's attention several months ago." An ACI employee also discovered problems related to the roof's installation while inspecting the roof in March 2005. In an email to another ACI employee, he wrote: "I did a preliminary inspection on this roof yesterday-3/23/05. Absolutely pitiful. . . . I don't know if it will ever pass inspection. This is primarily FYI and to have a record in file." SBC later assured ACI that it had made the necessary repairs.

Elliot's architectural firm issued a certificate of substantial completion on March 28, 2005, and the District took possession of the building that June. In February 2006, ACI and SBC issued a 10-year warranty on the roof that provides, in part:

> [T]he total liability and warranty of [SBC] shall be only to provide such workmanship as is necessary to repair or replace any defective material or workmanship without cost to the original owner, and the total liability and warranty of [ACI] shall be only to repair or replace any material without cost to the original owner.

The warranty further provides:

> 2.) This warranty shall not be enforceable if the roof system was not erected in accordance with ACI Building Systems, Inc. erection drawings . . . .

-3-

3.)      This warranty does not apply to cover any damages or leakage caused by or associated with . . . roof penetrations, trim, flashing, evidence of repair work done by unqualified or un-authorized personnel, or any modifications or alterations to material beyond ACI's control. . . .

Despite the continued leaks, the District did not make a claim on the bond. It made the final payment to SBC in May 2006. SBC thereafter continued work to repair the roof, but in early 2007, it advised the District that it would no longer make repairs. SBC eventually went out of business and filed for bankruptcy protection.

ACI vice president and chief operating officer Ron Knapp testified that he first became aware of the leaks in September 2006, when Elliot wrote to him and reported that the roof was leaking. Sometime after SBC stopped making repairs to the roof, both the District and ACI asked Steve Naff, the owner of a local construction company, to inspect the roof and advise whether it could be repaired. Naff, who had worked on other construction projects for the District, believed that he could fix the roof. ACI authorized him to do the work, even though ACI believed that the problems were caused by improper installation and poor workmanship and that the work thus was beyond the scope of ACI's warranty. According to Knapp, ACI paid for the repairs as a gesture of goodwill.

According to the District, ACI repeatedly promised to repair or replace the roof. Naff made numerous repairs from 2007 through April 2011, but the roof continued to leak. Naff thereafter advised ACI and the District that he no longer believed that he could repair the roof. In December 2012, the District made a claim on the bond, which was denied.

-4-

The District filed suit against ACI in Arkansas state court in February 2013. ACI removed the action to federal district court on the basis of diversity jurisdiction.[2] The District alleged in its amended complaint that it "ha[d] been damaged by reason of ACI's failure to appropriately manufacture and repair the roof on the Building in a workmanlike manner." The District claimed that ACI had issued a warranty on the roof, even though an inspection by ACI "revealed significant deficiencies, which ACI failed to disclose." The District further alleged that ACI had repeatedly promised to repair or replace the roof, that the repairs were unsuccessful, and that the roof continued to leak. The District alleged claims of fraud, constructive fraud, breach of warranty, breach of contract, and negligence.

Applying the substantive law of Arkansas, the district court dismissed the District's claims of fraud and constructive fraud for failure to state a claim. In its summary judgment order, the district court determined that the remaining claims were barred by the five-year statute of repose set forth in Arkansas Code § 16-56-112(a).

II. Discussion

A. Fraud and Constructive Fraud

The District argues that the district court erred in dismissing its claims of fraud and constructive fraud. We review *de novo* a district court's order granting a motion to dismiss, accepting as true the allegations set forth in the complaint and drawing all reasonable inferences in favor of the nonmoving party. Farm Credit Servs. of Am., FLCA v. Haun, 734 F.3d 800, 803-04 (8th Cir. 2013). To withstand a motion to dismiss, the complaint must set forth sufficient factual allegations to provide the

[2]ACI filed a third-party complaint against SBC and Metal Building Components, Inc., seeking apportionment of fault and contribution. The third-party complaint was dismissed as moot after the district court granted summary judgment in favor of ACI.

grounds on which the plaintiff's claims rest. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rule 9(b) of the Federal Rules of Civil Procedure requires that circumstances constituting fraud be pleaded with particularity. "We interpret this rule in harmony with the principles of notice pleading, and to satisfy it, the complaint must allege such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." Drobnak v. Andersen Corp., 561 F.3d 778, 783 (8th Cir. 2009) (internal quotation marks and citation omitted).

Under Arkansas law, a cause of action for actual fraud requires proof of the following elements: "(1) a false representation, usually of a material fact; (2) knowledge or belief by the defendant that the representation is false; (3) intent to induce reliance on the part of the plaintiff; (4) justifiable reliance by the plaintiff; and (5) resulting damage to the plaintiff." Country Corner Food & Drug, Inc. v. First State Bank & Trust Co. of Conway, Ark., 966 S.W.2d 894, 897 (Ark. 1998). The district court determined that Star City failed to plead a false representation or actual reliance. We agree.

The District first argues that it adequately pleaded a false representation, pointing to its allegations related to ACI's assurances "that ACI would do whatever was necessary to repair or replace the roof." Those assurances, however, relate to a future event of repairing or replacing the roof, and generally a "misrepresentation must relate to a past event or a present circumstance." Rice v. Ragsdale, 292 S.W.3d 856, 864 (Ark. Ct. App. 2009); see also Delta Sch. of Commerce, Inc. v. Wood, 766 S.W.2d 424, 427 (Ark. 1989) ("In general, an action for fraud or deceit may not be predicated on representations relating solely to future events."); Anthony v. First Nat'l Bank of Magnolia, 431 S.W.2d 1015, 1028 (Ark. 1968) ("Representations that are promissory in nature or of facts that will exist in the future, though false, do not support an action for fraud.").

The District argues that ACI's assurances are nonetheless actionable because they fall within "an exception to the 'future events' rule [that] arises if the promisor, at the time of making the promise, has no intention to carry it out." Trakru v. Mathews, 434 S.W.3d 10, 17 (Ark. Ct. App. 2014). "[A] statement of future events may constitute fraud if the statement is false and the person making the representation or prediction knows it to be false at the time it is made." See Morrison v. Back Yard Burgers, Inc., 91 F.3d 1184, 1187 (8th Cir. 1996) (citing Delta Sch. of Commerce, 766 S.W.2d at 426-27). The exception "requires actual knowledge of falsity." Id. The District did not allege that ACI always knew the roof could not be repaired or that ACI had no intention of carrying out its promises to repair or replace the roof. The amended complaint alleged that ACI had discovered "significant deficiencies" before ACI issued the warranty. It further alleged that ACI had "repeatedly assured [the District] that ACI would repair or replace the roof in order to stop the water intrusions," that ACI tried to repair the roof, and that the repairs were unsuccessful and the roof continued to leak. In effect, the amended complaint alleged that ACI did not fulfill its promise to repair or replace the roof, but it did not plead any false representation. See P.A.M. Transp., Inc. v. Ark. Blue Cross & Blue Shield, 868 S.W.2d 33, 36 (Ark. 1993) ("An assertion limited to a future event may be a promise that imposes liability for breach of contract or a mere prediction that does not, but it is not a misrepresentation as to that event." (quoting 1 E. Allan Farnsworth, Farnsworth on Contracts § 4.11 (1990))).

The amended complaint also did not plead actual reliance by the District on ACI's alleged misrepresentations. The Arkansas Supreme Court "has defined actual reliance to mean that the plaintiff acted or did not act by reason of the defendant's misrepresentation." SEECO, Inc. v. Hales, 22 S.W.3d 157, 172-73 (Ark. 2000). The District now argues that it "would have filed a claim on the surety bond or brought this action much sooner but for ACI's representations," but the amended complaint did not identify these or any other acts that the District took or refrained from taking based on ACI's alleged misrepresentations. The district court thus properly dismissed

the fraud and constructive fraud claims for failure to plead actual reliance. See Yarborough v. DeVilbiss Air Power, Inc., 321 F.3d 728, 730 (8th Cir. 2003) ("A claim for constructive fraud, which lies when there is a confidential relationship between the parties, requires proof of all of the elements of actual fraud except scienter." (citing Morrison, 91 F.3d at 1188; SEECO, Inc., 22 S.W.3d at 172-73)).

## B.  Breach of Warranty, Breach of Contract, and Negligence

The District argues that the district court erred in granting summary judgment in favor of ACI on its remaining claims.  We review *de novo* the district court's grant of summary judgment, viewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor.  PHL Variable Ins. Co. v. Fulbright McNeill, Inc., 519 F.3d 825, 828 (8th Cir. 2008).  Summary judgment is appropriate if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

Arkansas Code § 16-56-112(a) sets forth a statute of repose that "protect[s] persons engaged in the construction industry from being subject to litigation arising from work performed many years prior to the initiation of the lawsuit."  Okla Homer Smith Furniture Mfg. Co. v. Larson & Wear, Inc., 646 S.W.2d 696, 698 (Ark. 1983).  The Arkansas Supreme Court has explained that the statute "establishes a maximum five year period within which an injured party can bring suit against a person who deficiently constructs or repairs an improvement to real property."  E. Poinsett Cty. Sch. Dist. No. 14 v. Union Standard Ins. Co., 800 S.W.2d 415, 417 (Ark. 1990).  The effect of the statute of repose "is to cut off entirely an injured person's right of action before it accrues, when that action does not arise until after the statutory period has elapsed."  Curry v. Thornsberry, 128 S.W.3d 438, 441 (Ark. 2003).  The statute provides, in relevant part:

(a)     No action in contract, whether oral or written, sealed or unsealed, to recover damages caused by any deficiency in the design, planning, supervision, or observation of construction or the construction and repair of any improvement to real property or for injury to real or personal property caused by such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision, or observation of construction or the construction or repair of the improvement more than five (5) years after substantial completion of the improvement.

. . .

(f)     Nothing in this section shall be construed as extending the period prescribed by the laws of this state for the bringing of any cause of action, nor shall the parties to any contract for construction extend the above prescribed limitations by agreement or otherwise.

Ark. Code Ann. § 16-56-112.

The broad language of the statute of repose seems to include "virtually everyone involved in the construction project."  See 2 David Newbern et al., Arkansas Civil Practice and Procedure § 5:11 (5th ed. May 2016 Update).  The statute has not been applied, however, to manufacturers of standardized goods or materials who are not involved in the installation process.  See Brown v. Overhead Door Corp., 843 F. Supp. 482 (W.D. Ark. 1994).  The District alleged in its complaint that it had "been damaged by reason of ACI's failure to appropriately manufacture and repair the roof on the Building in a workmanlike manner."  The District does not argue on appeal that the roofing material itself caused the roof to leak, and we agree with the district court's determination that there was no evidence that roofing material was at fault.

The District argues that the five-year statute of repose does not apply in this case because the building was never substantially completed. The term "substantial completion" is not defined in the statute, but it "generally means that the building or project has reached a point where it is ready for the use for which it was intended and whatever work remains to be done is minor." Newbern et al., supra, § 5:11 (citations omitted). The District alleged in its complaint that "[t]he Building was substantially completed on March 28, 2005." The District took possession of the building in June 2005, and the superintendent testified that the building was furnished and ready to function as a high school by the time of an open house held in July 2005. Because the building was substantially completed well before February 21, 2008—which is five years before the District filed this action—the statute of repose bars the District's claims.

The District next argues that the statute was tolled while ACI attempted to repair the roof. In support of its argument, the District cites Little Rock School District v. Celotex Corp., 574 S.W.2d 669 (Ark. 1978), a case in which the Arkansas Supreme Court determined that it was for the jury to decide whether the "statute of limitations" was tolled while repairs were made to an improvement to real property. The Arkansas Supreme Court later clarified, however, that "§ 16-56-112(a) is more accurately described as a 'statute of repose' than a 'statute of limitations'" because the statute extinguishes the injured person's right of action. Rogers v. Mallory, 941 S.W.2d 421, 423 (Ark. 1997). Absent fraudulent concealment of the deficiency, any right of action ceases to exist five years after the date of substantial completion of the improvement. See Ark. Code Ann. § 16-56-112(d); Curry, 128 S.W.3d at 441; Carlson v. Kelso Drafting & Design, Inc., 374 S.W.3d 726, 729 (Ark. Ct. App. 2010) (refusing "to adopt a 'repair doctrine' that would have the effect of tolling the statute during the period that appellees attempted repairs and representations were made that the repairs would cure the defect"). Because the record contains no evidence that ACI fraudulently concealed the roof's deficiencies, we reject the District's argument that the statute of repose was tolled while ACI tried to repair the roof.

Finally, the District argues that the statute of repose does not apply because the District is suing ACI under the warranty, and not a construction contract. The statute of repose is not limited to parties to a construction contract, however. In First Electric Cooperative Corp. v. Black, Corley, Owens & Hughes, P.A., the plaintiff entered into a construction contract with an architect, who hired a company to design the building's heating, ventilation, and air-conditioning (HVAC) system. No. CA 10-1257, 2011 WL 2473105 (Ark. Ct. App. June 22, 2011) (unpublished). The plaintiff later entered into a tolling agreement with the architect and the HVAC company to extend the limitations period. The Arkansas Court of Appeals rejected the plaintiff's arguments that § 16-56-112(f) applied only to the terms of an original construction contract and that it was against public policy to prohibit the tolling agreement in that case, stating: "We . . . decline to interpret subsection (f) in a manner that would permit the parties to toll, by agreement, section 16-56-112's statute of repose. Subsection (f) reflects a clear legislative mandate against such agreements, and we will not alter that mandate by judicial fiat." Id. at *5. Similarly, in Varadan v. Pagnozzi, the Arkansas Court of Appeals rejected the plaintiffs' argument that the statute of repose did not apply to a claim based not on a construction contract, but on a separate builder's warranty, stating: "Even though they rely on the written builder's warranty, the crux of appellants' complaint is that they were damaged by the defective construction of their house. This fits squarely within the statute of repose." No. CA 12-216, 2012 WL 6200384, at *7 (Ark. Ct. App. Dec. 12, 2012) (unpublished). Here, the crux of the District's remaining claims is that it was damaged by the defective installation of the roof and ACI's subsequent failure to repair or replace the roof under the terms of the warranty. We thus conclude that the breach of warranty, breach of contract, and negligence claims fall within the statute of repose. See Okla Homer Smith Furniture Mfg., 646 S.W.2d at 698 (applying the statute of repose to a negligence claim where the character of the claim was negligent performance of a construction contract).

The judgment is affirmed.

_____