# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3035
_____

Norfolk & Dedham Mutual Fire Insurance Company

*Plaintiff - Appellant*

v.

Rogers Manufacturing Corporation

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: September 24, 2024
Filed: November 27, 2024
_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.
_____

GRUENDER, Circuit Judge.

Following heavy snowfall in Pine Bluff, Arkansas, the roofs of several chicken houses at ten poultry farms (the "Farms") collapsed. Norfolk & Dedham Mutual Fire Insurance Company ("Norfolk"), which insured the Farms, sued the manufacturer of the roof trusses used in the chicken houses, Rogers Manufacturing Corporation ("Rogers"), claiming strict product liability, negligence, and breach of warranties. Rogers filed a motion to dismiss the complaint under Federal Rule of

Civil Procedure 12(b)(6), asserting that Norfolk's claims were barred by the Arkansas statute of repose. *See* Ark. Code Ann. § 16-56-112. The district court agreed with Rogers and dismissed the complaint. Norfolk timely appealed. Because Norfolk's complaint allows us to draw the reasonable inference that Rogers is not protected by the statute of repose, we reverse and remand for further proceedings consistent with this opinion.

## I.     Background

We accept all well-pleaded allegations in the complaint as true and construe them in Norfolk's favor. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In the mid-1990s, the Farms were approved to become an integrated farm for poultry products for Tyson Foods, Inc. ("Tyson"), a national and global leader in food production. As a condition of approval, the Farms had to construct chicken houses in accordance with Tyson's building specifications. Those specifications included roof trusses with the capacity to support loads of twenty-three pounds per square foot. Rogers, a Louisiana-based manufacturer and supplier of roof trusses to poultry farms in several states, supplied the roof trusses for the Farms's chicken houses.

On February 14, 2021, Pine Bluff, Arkansas was hit with a severe winter storm, with at least two rounds of substantial snowfall over the course of three days. The Farms sustained significant property damage including the collapse of chicken house roofs. At the time of collapse, the roofs' dead loads were less than twenty-three pounds per square foot. In other words, the roof trusses failed to support the loads required by Tyson's specifications.

The Farms were all insured by Norfolk, and the policies included coverage for catastrophic roof collapses. In total, Norfolk indemnified the Farms for more than $4.7 million in damages. As a result of these indemnity payments, Norfolk became legally and equitably subrogated to the rights of the respective Farms as against Rogers.

On May 25, 2023, Norfolk brought a diversity action against Rogers in federal district court, alleging strict product liability, negligence, and breach of warranties. Rogers moved to dismiss Norfolk's complaint for failure to state a claim under Rule 12(b)(6), contending that Norfolk's claims were barred by Arkansas's statute of repose. The district court agreed and granted the motion to dismiss. Norfolk appeals the dismissal of its complaint.

## II.    Discussion

We review *de novo* the district court's dismissal for failure to state a claim under Rule 12(b)(6), accepting the allegations in the complaint as true and drawing all reasonable inferences in the nonmoving party's favor. *Absolute Essence LLC v. Pub. Consulting Grp. LLC*, 117 F.4th 1044, 1046 (8th Cir. 2024). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotations omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant" is liable. *Id*. (internal quotations omitted). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "A plaintiff need only allege facts that permit the reasonable inference that the defendant is liable, even if the complaint strikes a savvy judge that actual proof of the facts alleged is improbable and recovery very remote and unlikely." *Hamilton v. Palm*, 621 F.3d 816, 819 (8th Cir. 2010). Because Norfolk's complaint permits a reasonable inference that its claims are not barred by the statute of repose, we reverse the district court's grant of the motion to dismiss.

The Arkansas statute of repose "protect[s] persons engaged in the construction industry from being subject to litigation arising from work performed many years prior to the initiation of the lawsuit." *Star City Sch. Dist. v. ACI Bldg. Sys., LLC*, 844 F.3d 1011, 1017 (8th Cir. 2017) (quoting *Okla Homer Smith Furniture Mfg. Co. v. Larson & Wear, Inc.*, 646 S.W.2d 696, 698 (Ark. 1983)). It does so by terminating

an injured plaintiff's right of action five years after the substantial completion of a construction project, regardless of when the injury occurs. *Id*. The statute reads, in relevant part:

> No action in contract, whether oral or written, sealed or unsealed, to recover damages caused by any deficiency in the design, planning, supervision, or observation of construction or the construction and repair of any improvement to real property or for injury to real or personal property caused by such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision, or observation of construction or the construction or repair of the improvement more than five (5) years after substantial completion of the improvement.

Ark. Code Ann. § 16-56-112(a). The chicken houses constituted improvements to real property, and the roof trusses were incorporated into the chicken houses. The projects were substantially completed sometime in the 1990s, indisputably more than five years before Norfolk filed its complaint. Norfolk does not allege that Rogers planned, supervised, or observed the construction. Therefore, the only dispute here is whether Rogers designed the roof trusses such that Rogers is covered by the statute of repose.

Rogers contends that it is covered, pointing to Norfolk's pleadings which alleged that Rogers "designed" the roof trusses to comply with Tyson's particular specifications. Therefore, Rogers argues, Rogers is covered by the statute of repose and thus protected from liability. Norfolk concedes that if Rogers performed *custom* design work, Rogers would likely be covered by the statute, but counters that the roof trusses were actually standardized goods, the manufacture of which is, in its view, not covered by the statute.

Our case law supports Norfolk's view of the statute's scope. In construing the Arkansas statute of repose, we have said that while "[t]he broad language of the statute of repose seems to include virtually everyone involved in the construction project[,]. . . . [t]he statute has not been applied . . . to manufacturers of standardized

-4-

goods or materials who are not involved in the installation process." *Star City*, 844 F.3d at 1018 (internal quotations omitted). In support of this interpretation, we cited *Brown v. Overhead Door Corp.*, 843 F. Supp. 482, 490 (W.D. Ark. 1994), in which the district court predicted that Arkansas courts "will hold that the manufacturers of mass produced fungible goods do not fall within the protection of the statute, particularly when the defendant manufacturer is not involved in the installation of the product and had nothing to do with the design of the improvement within which it is installed." *See also* 2 David Newbern et al., Arkansas Civil Practice and Procedure § 5:11 (5th ed. May 2024 Update) ("[T]he statute is inapplicable to manufacturers of standardized goods or materials who are not involved in the installation process.") (citing, *inter alia*, *Little Rock Sch. Dist. of Pulaski Cnty. v. Matson, Inc.*, 576 S.W.2d 709 (Ark. 1979); *Carter v. Hartenstein*, 455 S.W.2d 918 (Ark. 1970)). We have not seen, and neither party has cited, any post-*Star City* cases applying the statute to manufacturers of standardized goods, so we will not do so for the first time here.

Norfolk does not allege that Rogers took any part in the installation of the roof trusses. Thus, if the roof trusses were standardized goods, then Rogers is not protected by the statute of repose. Accordingly, we must determine if Norfolk's pleadings support a plausible inference that the roof trusses were standardized goods.

The district court did not think so. The court highlighted that Norfolk alleged that Rogers manufactured *and designed* the roof trusses, and the term "design" falls squarely within the ambit of the statute of repose. *See* Ark. Code Ann. § 16-56-112(a). Under the court's interpretation of the complaint, "[Rogers] took [Tyson's] specifications, designed the trusses to meet the specifications, and built them." The court also noted that Norfolk did not specifically allege that the roof trusses were mass-produced, undercutting the argument that the roof trusses were standardized goods. As a result, the court concluded that Norfolk's pleadings characterize Rogers as engaging in conduct covered by the statute of repose.

Though the district court's reading of the complaint is a plausible, and perhaps even the best, reading, it is not the *only* plausible reading. When a complaint allows for multiple plausible readings, it should not be dismissed as long as at least one plausible reading "allows the court to draw the reasonable inference that the defendant is liable." *Iqbal*, 556 U.S. at 678. "Which inference will prove to be correct is not an issue to be determined by a motion to dismiss." *Hamilton*, 621 F.3d at 819. At this early stage, as long as Norfolk's complaint can plausibly be read to support an inference that the roof trusses Rogers provided were standardized goods, the statute of repose would not apply and the complaint should not have been dismissed. *See id*.

Norfolk's complaint plausibly supports an inference that the roof trusses were standardized goods. According to the complaint, Rogers "designed . . . wooden roof trusses to be used in poultry and agricultural farming construction, like the structures built by [the Farms]." On the face of the complaint, Rogers did not necessarily custom design the roof trusses for the Farms in order to comply with Tyson's specifications. Of course, Rogers "designed" the roof trusses *at some point*, but the mere allegation that Rogers "designed" them does not mean that they were *custom* designed. The roof trusses could plausibly have been designed and constructed— without any particular customer in mind—to support loads of twenty-three pounds per square foot, stocked as standardized goods, and subsequently marketed and sold to multiple construction or repair projects across the several states in which Rogers operated. Overall, drawing on our "judicial experience and common sense," *Iqbal*, 556 U.S. at 679, the roof trusses were plausibly standardized goods, so Norfolk's complaint "permit[s] the reasonable inference that the defendant is liable." *Hamilton*, 621 F.3d at 819.

Though we find that Norfolk's complaint survives Rogers's motion to dismiss, we emphasize that our opinion does not foreclose a finding at a later stage of litigation that the roof trusses Rogers provided were not standardized goods and therefore that the Arkansas statute of repose applies. Nor does our opinion address the merits of Norfolk's underlying claims. As this case proceeds to discovery and

beyond, facts may be learned or legal arguments may be developed such that judgment in favor of Rogers is warranted on these or other grounds.  However, at this early stage of litigation, Norfolk has sufficiently "state[d] a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

### III.    Conclusion

For the foregoing reasons, we reverse the district court's dismissal of the complaint and remand for further proceedings consistent with this opinion.

_____